<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOLANDA IRENE RICHARDSON, Appellant, v. CGR HAMILTON LLC, Appellee. | No. 25cv2954 (EP) **MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

*Pro se* Appellant Yolanda Irene Richardson appeals from the order vacating the stay as to certain property entered by Hon. Vincent F. Papalia, United States Bankruptcy Judge on March 18, 2025, in *In re Yolanda Richardson*, Bankr. No. 25-10279, D.E. 39 ("Order Vacating Stay"). D.E. 1 ("Appeal").[1] For the reasons stated herein, the Court will **DENY** the Appeal.

**I.      BACKGROUND**

On January 10, 2025, Richardson, appearing *pro se*, filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Bankr. No. 25-10279, D.E. 1. That same day, she also filed an application to pay the filing fee in installments, which Judge Papalia approved, requiring her to pay $434.50 on or before each of January 10, February 10, March 10, and April 10, 2025. *Id.*, D.E. 4.

Also on January 10, 2025, Judge Papalia entered orders to show cause why the case should not be dismissed for (1) Richardson's failure to meet credit counseling requirements,

---

[1] As explained *infra* Section III, the Court construes the Appeal as appealing the final decree in this action, Bankr. No. 25-10279, D.E. 41 ("Final Decree"), which itself is based on the order dismissing the case, *id.*, D.E. 34 ("Dismissal Order").

(2) Richardson's failure to pay the first installment of the filing fee, and (3) Richardson's failure to file certain documents required by Federal Rule of Bankruptcy Procedure 1007. *Id.*, D.E. 6.

Richardson then, on January 17, 2025, filed an initial statement about an eviction judgment entered against her, *id.*, D.E. 17, the filing of which would generally automatically stay the eviction proceeding. *See* 11 U.S.C. § 362(b)(22). Here, however, as the Clerk of the Bankruptcy Court found on January 22, 2025, the automatic stay was not put in place because Richardson had failed to comply with the requirement under § 362(l) that a debtor deposit with the court the full amount of the rent that would be due during the 30-day period after the filing. Bankr. No. 25-10279, D.E. 19.

Richardson eventually paid the first installment of the filing fee on February 4, 2025, *see* Bankr. No. 25-10279 Dkt., and filed the required certificate of credit counseling, *id.*, D.E. 21, but did not file the documents required by Federal Rule of Bankruptcy Procedure 1007, *see* Bankr. No. 25-10279 Dkt.

On February 13, 2025, Judge Papalia then filed another order to show cause why the case should not be dismissed, this time for Richardson's failure to pay the second installment of the filing fee. *Id.*, D.E. 22.

Although the automatic stay was not in place for the reasons explained *supra*, CGR Hamilton LLC nevertheless filed a motion for relief from the automatic stay on February 24, 2025.[2] *Id.*, D.E. 24.

---

[2] "There are often issues in bankruptcy where parties seek 'comfort orders' that reassure a lower court or an interested party of a self-executing legal status (e.g., existence of the automatic stay, whether an action is forbidden by the stay, or whether a debt has been discharged)." *In re Wyatt*, No. 25-12547, 2025 WL 3043538, at *1 (Bankr. E.D. Pa. Oct. 28, 2025).

On March 6, 2025, Richardson filed a motion to withdraw the reference, seeking to remove the case to this Court. *Id.*, D.E. 25 ("Motion to Withdraw Reference"). The Motion to Withdraw Reference was assigned to the undersigned under civil case number 25-1718. Bankr. No. 25-10279, D.E. 35.

Judge Papalia then proceeded to, on March 11, 2025, dismiss the case for failure to file certain documents required by Federal Rule of Bankruptcy Procedure 1007 and for failure to pay the second installment of the filing fee. Dismissal Order.

The next day, this Court accordingly denied the Motion to Withdraw Reference as moot given that the bankruptcy case had been dismissed. No. 25-1718, D.E. 3 ("Denial of Motion to Withdraw Reference").

On March 18, 2025, Judge Papalia held a hearing and retroactively entered the Order Vacating Stay. *See* Bankr. No. 25-10279 Dkt.; Order Vacating Stay. Judge Papalia then entered the Final Decree in this matter on April 14, 2025, which closed the matter. Richardson filed the instant Appeal on April 16, 2025.

Richardson also appealed this Court's Denial of Motion to Withdraw Reference on May 15, 2025. No. 25-1718, D.E. 4 ("Appeal of Denial of Motion to Withdraw Reference"). The Third Circuit dismissed Richardson's Appeal of Denial of Motion to Withdraw Reference on July 8, 2025, for "failure to timely prosecute insofar as appellant failed to pay the requisite fee as directed." *Id.*, D.E. 5.

## II.  LEGAL STANDARD

A federal district court has jurisdiction over appeals "from final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). The district court must "review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise

3

of discretion for abuse thereof." *See In re United Health Sys., Inc.*, 396 F. 3d 247, 249 (3d Cir. 2005) (citation modified).

## III. DISCUSSION

While Richardson's Appeal purports to appeal the Order Vacating Stay, her arguments center around the Bankruptcy Court's dismissal of the case—as made final in the Final Decree[3]—and do not address the Order Vacating Stay. *See* Appeal at 1–2. Because Richardson is a *pro se* litigant, the Court will therefore construe her Appeal as an appeal from the Dismissal Order, as made final in the Final Decree. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)).

Construing her Appeal in this manner also saves Richardson's Appeal from mandatory dismissal for being untimely under Federal Rule of Bankruptcy Procedure 8002(a)(1). Under that rule, "a notice of appeal must be filed with the bankruptcy clerk within 14 days" of the date of the entry of the order being appealed, unless the appellant has requested, and obtained, an extension from the bankruptcy court. Fed. R. Bankr. P. 8002. The "prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional . . . ." *In re*

---

[3] Richardson also argues that this Court erred in issuing the Denial of Motion to Withdraw Reference, *see* Appeal at 1–2, but she has already appealed that Denial of Motion to Withdraw Reference to the Third Circuit, making the same arguments as those she raises here. *See* Appeal of Denial of Motion to Withdraw Reference. The Third Circuit did not decide the appeal on the merits, *see* No. 25-1718, D.E. 5, and therefore the law-of-the-case doctrine may not be applicable, so the Court will treat these arguments as an implicit motion for relief from the Court's order under Federal Rule of Civil Procedure 60(b). Here, "guided by 'the well[-]established principle that a motion under Rule 60(b) may not be used as a substitute for appeal' . . . [and that] it is improper to grant relief under Rule 60(b)[] if the aggrieved party could have reasonably sought the same relief by means of appeal," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (quoting *In re Imperial "400" National, Inc.*, 391 F.2d 163, 172 (3d Cir. 1968)), the Court finds that Richardson has not demonstrated that she is entitled to relief under Federal Rule of Civil Procedure 60(b) such that re-litigation of the issues she raised on appeal to the Third Circuit would be appropriate.

*Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011).  Here, Richardson filed her Appeal on April 16, 2025, 27 days after Judge Papalia entered the Order Vacating Stay on March 18, 2025.  If the Court were to construe Richardson's Appeal as only appealing from the Order Vacating Stay, her Appeal would therefore be untimely and would prevent this Court from hearing the Appeal.  Because the Court construes Richardson's Appeal as appealing from the Dismissal Order as made final in the Final Decree closing the matter (which was entered on April 14, 2025), the Appeal filed on April 16, 2025, is timely and the Court retains jurisdiction over it.

Turning to the merits, Richardson essentially makes two arguments on Appeal: (1) that the "Bankruptcy Court lacked jurisdiction to enter the order dismissing the bankruptcy while the matter was pending in the District Court following a proper notice of removal" and (2) that the "Bankruptcy Court erred as a matter of law by continuing to hold hearings and issue orders after the case had been removed to the District Court, exceeding its jurisdiction under Article I of the Constitution."  Appeal at 1.  Both arguments are incorrect as a matter of law for the same simple reason: that Federal Rule of Bankruptcy Procedure 5011, which governs motions to withdraw the reference, "does not stay proceedings in a case or affect its administration."  Judge Papalia accordingly had jurisdiction to enter any orders, including the Dismissal Order, while the Motion to Withdraw Reference was pending.  *See, e.g.*, *In re Kenai Corp.*, 136 B.R. 59, 60 (S.D.N.Y. 1992) (explaining that the filing of a motion to withdraw the reference did not stay the proceedings).  The Court will therefore **DENY** Richardson's Appeal.

IV.     **CONCLUSION AND ORDER**

Having considered the Appeal, and all related items on the district court and bankruptcy court dockets, and having determined that oral argument is not needed,

**IT IS**, on this 23rd day of December, 2025, for the reasons set forth above,

5

**ORDERED** that Richardson's Appeal, D.E. 1, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall mark this case **CLOSED**; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Order to Richardson by regular mail.

/s/ Evelyn Padin
Evelyn Padin, U.S.D.J.
